UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RASHI JOHNSON,

                                     Plaintiffs,    **COMPLAINT AND JURY DEMAND**

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHARLES W. FOX, SHIELD NO. 31129, POLICE    DOCKET # 14CV1543
OFFICER JASON IANNO SHIELD NO. 12849, JOHN
DOE POLICE OFFICERS ##1-4,

                                     Defendants.    ECF CASE

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a January 3, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, illegal search, emotional distress, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Rashi Johnson is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officers Charles W. Fox and Jason Ianno at all times here relevant were employees of the NYPD assigned to the 81st Precinct. Each is sued in his individual and official capacities.

9. John Doe Police Officers, at all times here relevant, were employees of the NYPD, and are sued in his individual and official capacities.

10. At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On January 3, 2013, at approximately 10:30 P.M., Plaintiff was in a grocery store when he was approached by police officers. The officers demanded to see his identification along with another person in the store, and he complied.

12. Plaintiff was arrested by the police officers. He was transported to Woodhull hospital where he remained chained to a bed for a number of hours. At the behest of the police officers, and without plaintiff's consent, doctors at Woodhull Hospital performed an x-ray of his pelvic

2

region to determine the existence of a foreign body. The x-ray was negative.

13. At the behest of the police officers, and without plaintiff's consent doctors at Woodhull Hospital performed a digital exam of his rectum to determine the existence of a foreign body. The procedure revealed no foreign bodies in his rectum.

14. Plaintiff was handcuffed throughout his time at Woodhull Hospital, including during the procedures.

15. Plaintiff was transported to the 81st Precinct, booked, and transported to Central Booking. He was charged with "Consumption of Alcohol in Public". He received an Adjournment in Contemplation of Dismissal at arraignment and was released, approximately 14 hours after his arrest.

16. Plaintiff did not consume alcohol in a public place. Nor did plaintiff place anything in his rectum or any other part of his body. Plaintiff was not in possession of any contraband. Plaintiff was in possession of a closed bottle of Patron tequila located inside his pocket when he was approached by officers and arrested.

17. The police officers had no reasonable suspicion to stop plaintiff and demand identification. They had no probable cause to arrest plaintiff and had no truthful articulable reason to subject him to an invasive body cavity search.

18. If the police officers obtained a warrant to perform a body cavity search, it was obtained fraudulently. Defendant arresting officer Jason Ianno claimed that plaintiff was observed engaged in a hand to hand exchange of a quantity of crack cocaine. Plaintiff could not have been so observed because he engaged in no such transaction, and furthermore, despite such alleged "observation" by a police officer, plaintiff was not charged with any drug related crime.

19. At all times during the events described above, the defendant police officers were

engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

20. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

21. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the United States Constitution to be free from an unreasonable search of plaintiff's person.

    b. Violation of plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

    c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

    d. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    e. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

    g. deprivation of property;

    h. economic loss; and

    i. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

22. The above paragraphs are here incorporated by reference.

23. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they illegally searched the plaintiff's car, subjected him to or caused him to be subjected to false arrest and unlawful cavity search. Defendants are liable to plaintiff under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

24. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

25. The above paragraphs are here incorporated by reference.

26. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

27. There was no reasonable expectation of successfully prosecuting plaintiffs.

28. Plaintiffs were aware of their confinement and did not consent.

29. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

30. Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

## THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

31. All preceding paragraphs are here incorporated by reference.

32. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

33. The criminal proceedings were terminated favorably to defendant.

34. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

35. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

36. The above paragraphs are here incorporated by reference.

37. Defendant police officers, acting intentionally and/or with reckless disregard for the consequences of his actions, engaged in outrageous conduct towards plaintiff.

38. Such conduct by defendant caused severe emotional distress to plaintiff.

## FIFTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

39. All preceding paragraphs are here incorporated by reference.

40. Defendant police officers, upon approaching and detaining plaintiff, had a duty to act with reasonable care toward plaintiff.

41. Defendant police officers breached that duty by unlawfully and negligently causing a body cavity search of plaintiff, which included forced x-rays and digital penetration of his rectum while handcuffed.

42.     Such conduct by defendants caused severe emotional distress to plaintiff.

## SIXTH CAUSE OF ACTION
### (NEGLIGENCE)

43.     The above paragraphs are here incorporated by reference.

44.     Defendant police officers, upon approaching and detaining plaintiff, had a duty to act with reasonable care toward plaintiff.

45.     Defendant police officers breached that duty by unlawfully and negligently causing a body cavity search of plaintiff, which included forced x-rays and digital penetration of his rectum while handcuffed.

46.     Defendants' conduct was the cause in fact and the proximate cause of plaintiff's damages.

47.     Plaintiff suffered physical pain and suffering, as well as emotional distress, as a result of the negligent conduct of defendants.

## SEVENTH CAUSE OF ACTION
### (ASSAULT)

48.     The above paragraphs are here incorporated by reference.

49.     By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

50.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

51.     Plaintiff was damaged by defendants' assault.

## EIGHTH CAUSE OF ACTION
(BATTERY)

52. The above paragraphs are here incorporated by reference.

53. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

54. Defendants used excessive and unnecessary force with plaintiff.

55. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

56. Plaintiff was damaged defendant's battery.

## NINTH CAUSE OF ACTION
(CONSPIRACY)

57. The above paragraphs are here incorporated by reference.

58. Defendant officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiffs.

59. Defendant Officers took action in furtherance of this agreement by charging plaintiffs with resisting arrest.

60. Plaintiffs were injured as a result of defendants' conspiracy.

## TENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

61. The preceding paragraphs are here incorporated by reference.

62. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

63. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
March 5, 2013

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Officer Charles W. Fox
Shield no. 31129

Police Officer Jason Ianno
Shield no. 12849

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

9